Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; BMG MUSIC;
ATLANTIC RECORDING
CORPORATION; and SONY BMG
MUSIC ENTERTAINMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN DOE #5,<br>Defendant. | CASE NO. 5:07-CV-04856-JF<br><br>**Honorable Jeremy Fogel**<br><br>*EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

Plaintiffs respectfully request that the Court continue the case management conference currently set for February 15, 2008, at 10:30 a.m. to May 16, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case, but do not have sufficient time to serve Defendant with an amended complaint naming Defendant individually before the current deadline for service expires.  In support of their request, Plaintiffs state as follows:

1. The initial case management conference is set for February 15, 2008, at 10:30 a.m., as previously continued by the Court pursuant to the Clerk's Notice filed on December 19, 2007.  The current deadline for service of process is January 18, 2008.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe #5 ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, San Francisco State University.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on October 3, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena.  On November 16, 2007, the ISP responded to Plaintiffs' subpoena, identifying Tiffany Ellaina Turner and providing Plaintiffs with contact information including Ms. Turner's telephone number and address.

1

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 5:07-cv-04856-JF
#34942 v1

5. On December 4, 2007, Plaintiffs sent a letter to Ms. Turner notifying her of their claims for copyright infringement and encouraging her to make contact to attempt to amicably resolve this matter. To date, Plaintiffs have not received a response to this letter, and Plaintiffs have been unsuccessful in their further attempts to contact Ms. Turner by telephone and e-mail.

6. Plaintiffs have prepared a First Amended Complaint naming Ms. Turner individually as the defendant, and intend to file the same in the next several days. However, Plaintiffs do not have sufficient time to effectuate service by the current service deadline of January 18. Therefore, Plaintiffs respectfully request an additional 90 days to effectuate service.

7. Given the circumstances of this case, Plaintiffs also request that the case management conference be continued to May 16, 2008 to allow Plaintiffs adequate time to effectuate service in time for Defendant to retain counsel and file a response.

8. Plaintiffs submit that their efforts to give written notice to Ms. Turner of their claim and subsequent efforts to contact her and resolve the case before naming her in the lawsuit constitute good cause for any delay in perfecting service. *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions). Here, Plaintiffs have acted in good faith to try to settle this matter with Ms. Turner without potentially damaging her credit by naming her in the suit as well as attempting to avoid the cost of further litigation for both parties. Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP. This Court has discretion to enlarge the time to serve even where there is no good cause shown. *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired. *See* 17 U.S.C. § 507(b) (2000). There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

2

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 5:07-cv-04856-JF
#34942 v1

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                       HOLME ROBERTS & OWEN LLP

                                              By: _____*/s/ Matthew Franklin Jaksa*___
                                                     MATTHEW FRANKLIN JAKSA
                                                     Attorney for Plaintiffs

## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for February 15, 2008, at 10:30 a.m. be continued to May 16, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008.

Dated: _____                       By: _____
                                                             Honorable Jeremy Fogel
                                                             United States District Judge